HOLLAND, APPELLANT, *v.* STATE OF OHIO, APPELLEE.

(No. 70-595—Decided July 7, 1971.)

Messrs. *Gill, Keenan & Corrigan*, for appellant.
Mr. *William J. Brown*, attorney general, and Mr. *William E. Dunlap, Jr.*, for appellee.

*Per Curiam.* Appellee, in his brief, relates the following facts which are completely extraneous to the record: That appellant, while on parole, was arrested on May 9, 1970, and charged with armed robbery; that the Adult Parole Authority placed a detainer on appellant who was then in the custody of the sheriff; and that on June 1, 1970, the appellant was declared a parole violator by the parole authority.

A review of this cause can only be based upon facts contained in the original pleadings and transcript of journal entries. Upon the state of the record which is before this court appellant neither demonstrates the Court of Appeals' lack of jurisdiction to enter the orders set forth above, nor that his imprisonment is unlawful. In this case, the fact that the parties state facts not in the record will not satisfactorily present legal issues for our review.

Appellant complains that one judge who was not one of the three-judge panel which entered the order of August 3, 1970, was a member of the court panel which entered the order of August 10, 1970. This change of membership does not serve to *deprive* the court of jurisdiction to enter the August 10, 1970, order. The judicial power of a member of the Court of Appeals is not personal to him and may be exercised by another member of the Court of Appeals. See *State* v. *White* (1971), 27 Ohio St. 2d 73.

In the absence of a record, obviously there is nothing that even suggests that the Court of Appeals, as constituted, which entered the August 10, 1970 order, unlawfully acted to appellant's prejudice.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.